In the Matter of MARTIN A. BERCHENKO (Admitted as MARTIN ALLEN BERCHENKO), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 15, 1987

## APPEARANCES OF COUNSEL

*Robert H. Straus (Robert J. Saltzman* of counsel), for petitioner.

*Sparrow, Sparrow & Singer (Sidney G. Sparrow* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this court on March 23, 1977. The respondent was subsequently suspended from the practice of law based upon his conviction of "serious crimes", and that suspension was continued by order of this court dated January 31, 1986 (116 AD2d 759). The petitioner moves to confirm the report of the Special Referee insofar as it sustains the charges of professional misconduct, and the respondent cross-moves to confirm the report of the Special Referee and for his reinstatement.

The first charge of the petition alleged that the respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90, in that, on October 10, 1985, he pleaded guilty in the District Court, Nassau County, First District, to the crime of conspiracy in the sixth degree, in violation of Penal Law § 105.00, a class B misdemeanor.

The second charge of the petition alleged that the respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90, in that, on October 10, 1985, he pleaded guilty in the District Court, Nassau County, First District, to the crime of criminal possession of a controlled substance in the seventh degree, in violation of Penal Law § 220.03, a class A misdemeanor.

The third charge of the petition alleged that the respondent, on three separate occasions, sold approximately one gram of cocaine to an undercover Nassau County police officer.

The fourth charge of the petition alleged that pursuant to a lawful search of the respondent's home on or about March 7, 1984, he was found to be in possession of contraband including phenmetrazine, methaqualone, diazepam, methamphetamine, codeine, phentermine and drug paraphernalia.

The fifth charge of the petition alleged that on or about February 25, 1984, the respondent conspired with an undercover Nassau County police officer to forcibly and unlawfully enter into the home of the respondent's estranged wife and to vandalize her home. On or about March 2, 1984, the respondent paid the undercover police officer $450 for the acts of vandalism the respondent believed were committed.

The Special Referee sustained, in full, the first, second, third and fifth charges. He sustained charge four except as to the respondent's possession of phenmetrazine, diazepam and phentermine.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee except for his failure to sustain part of charge four.

As to charge four, we do not believe the respondent's testimony to be credible regarding the possession of phenmetrazine, diazepam and phentermine and therefore disaffirm this part of the report of the Special Referee. Therefore, the petitioner's motion and so much of the respondent's cross motion as is to confirm that portion of the Special Referee's report as sustains the charges should be granted, and the respondent's cross motion should otherwise be denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration all the mitigating circumstances advanced by the respondent. Nevertheless, he is adjudged guilty of serious professional misconduct. Accordingly, the respondent should be, and hereby is, disbarred and it is directed that his name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and SULLIVAN, JJ., concur.